DAVID PUGSLEY ET AL., TRADING, ETC., PROSECUTORS,
v. THE BOARD OF EDUCATION OF MINE HILL TOWN-
SHIP ET AL., RESPONDENTS.

Argued September 21, 1925—Decided November 2, 1925.

**Public Works—Award of Contracts—Lowest Bidder—Prosecutor
Alleges He was Lowest Bidder—Respondent Awarded Con-
tract to Another—Difference Arose Over the Fact That Suc-
cessful Bidder Had Stipulated Additional Sums If Other
Materials Were Used—Found That Such Other Materials
Were Not to be Used—Contract Properly Awarded.**

On *certiorari*, &c.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutors, *Seth H. Ely.*

For the respondents, *King & Vogt.*

PER CURIAM.

The board of education of Mine Hill township called for
bids for the work and materials for the construction of an
addition to the Mine Hill School House, according to plans
and specifications, comprehending, among others, the fol-
lowing specifications:

"All outside walls of addition and present building to be
stuccoed, two coats of Kellastone stucco according to manu-
facturers' specifications, with fine stone dash finish, colors
selected by architect. Walls of present building to be rough-
ened with pointed chisel sufficient to hold stucco, and stucco
guaranteed by mason to stay on wall. Mason to put under-
coat of cement stucco on same under Kellastone. Same to
consist of one part cement and two and one-half sand, with
no lime, to be well scratched."

The prosecutors, who were unsuccessful bidders, and who
appear in that capacity only, challenge the award of the con-

tract to Gallo Brothers, who they allege are not the lowest bidders.

We think there is no merit in this contention.

The bid of Gallo Brothers, after referring to the aforementioned specifications, says: "Having examined the plans and read the specifications for the proposed addition on the Mine Hill school buildings, according to the plans and specifications prepared by Roland S. True, architect of Dover, New Jersey, for the general construction work such as mason, carpenter and painting.

"We hereby agree to do all the work and furnish all necessary material for the sum of $36,488."

This bid is as broad as the specifications and included everything required by the latter.

The contract was, accordingly, awarded to Gallo Brothers for $36,488, and the contract has been formally entered into in writing.

The next lowest bid was that of the prosecutors for $37,460.

This controversy arises from the fact that at the foot of their bid Gallo Brothers added this:

"If Kellastone stipled finish is wanted in place of cement stucco add the sum of $550.

"If stone dash is wanted add $450 more to the above."

But this irregularity did not affect the legality of the award.

We deal, first, with the statement: "If Kellastone stipled finish is wanted in place of cement stucco add the sum of $550."

The specifications call for stucco finish, and this alternate speaks of a stipled finish, which, if the board should desire, would be $550 more. The stucco finish is in the specifications and is included in their bid of $36,488. Stipled finish is entirely different, as the testimony discloses.

Since the offer to use a stipled finish was not accepted by the board the further discussion of this branch of the case is useless.

We now consider the words "if stone dash is wanted add $450 more to the above." When the award came to be made this language was regarded by the board and the successful bidder as no part of the bid, because stone dash is included in the specifications and was required to be done by the bid of $36,488, and was required to be done by the contract awarded. It is important, too, to observe that, even if the contract price had consisted of these two items of $36,488 and $450, the bid would still have been $522 lower than the prosecutors', who were the next lowest bidders.

Upon the whole we perceive no sufficient reason for disturbing the award and contract in question, and they will be affirmed, with costs.

Having reached the conclusion that the award was to the lowest bidder, it is unnecessary for us to consider the contention of the respondents that the law does not require the board of education to award the contract to the lowest bidder.